UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   v.<br><br>RAOUL V. NORMANDIA, JR.,<br><br>                    Defendant. | CASE NO. MJ20-213<br><br>**ORDER DENYING MOTION TO REOPEN DETENTION HEARING** |

Before the Court is defendant Raoul V. Normandia's "Motion to Re-open the Detention Hearing." Dkt. 33. Defendant's motion to reopen comes following this Court's Order of Detention, the Honorable James L. Robart's order denying revocation of the detention order, and the order of the Court of Appeals for the Ninth Circuit affirming the detention order issued by this Court.

On April 30, 2020, after conducting a detention hearing, the Court issued the detention order defendant now seeks to reopen. The Court found:

> Defendant is charged with possession of controlled substances with the intent to distribute. This is a disturbing case. The government alleges defendant is the source of fentanyl laced pills that a codefendant distributed to a sailor in the U.S. Navy, and which killed the sailor. When defendant was arrested, he was in a Lexus with a felon who was armed with a firearm. Police found 67 grams of cocaine in the Lexus. A search of defendant's residence yielded two firearms, large amounts of cash, body armor, numerous cell

ORDER DENYING MOTION TO REOPEN
DETENTION HEARING - 1

> phones, measuring and packaging material, cocaine, MDMA, and suspected fentanyl.  This is also a very sad case. Defendant has family members who love and support him, and defendant has minimal criminal history. Defendant stated to the Court he loves his family and wants to make amends for mistakes he has made. However, in view of the seriousness of the offense, defendant's association with armed felons, and possession of drugs, money and firearms, the Court concludes that defendant poses a risk to the community and should be detained.

Dkt. 15. Defendant appealed the Court's detention order to a District Judge and moved for revocation of the order and release. Dkt. On June 10, 2020, the Honorable James L. Robart denied defendant's motion finding:

> The court has considered the five factors set out in 18 U.S.C. § 3142(g).  The court has paid particular attention to Defendant's arguments found at pages 2-9 of his motion and the evidence found in Exhibits 2-4, which are attached to his motion. (See Mot. at 2-9, Exs. 2-4.)  Given the facts in this matter the court does not believe the treatment of Defendant and the Co-Defendant constitute an impermissible disparity.  The facts of this case are extremely serious.  They include the death of a Navy sailor from a suspected fentanyl overdose; Defendant's association with armed felons; and possession of various drugs, money, body armor, and firearms. Based on these considerations the court concludes that Defendant poses a risk of danger to the community and no condition or combination of conditions can reasonably mitigate this risk. The Motion for Revocation of Detention Order (Dkt. # 16) is DENIED.

Dkt. 28. On June 12, 2020, defendant appealed Judge Robart's order to the Court of Appeals for the Ninth Circuit. Dkt. 29. On July 24, 2020, the Court of Appeals issued an order affirming the district court's detention order. Dkt. 32.

On July 28, 2020, defendant filed the present  motion to reopen the April 30, 2020 detention order this Court issued. Dkt. 33. As grounds, defendant claims the United States "lied" about the potential presence of fentanyl at his home in order to "vilify" him.  *Id.* at 3. Defendant argues the Court should reopen the detention decision based upon new information he received on July 2, 2020. In specific, defendant avers the government advised defense counsel on that date

ORDER DENYING MOTION TO REOPEN
DETENTION HEARING - 2

1  lab tests indicated the grey powdery substance found at his home which the government

2  suspected was fentanyl was negative for fentanyl. *Id.* Defendant argues this information is

3  material because the government argued the possession of any amount of fentanyl made him a

4  danger and "the new revelation undermines that argument since he never possessed any

5  suspected fentanyl much less fentanyl pills." *Id.* at 4.

6        The Court may reopen the detention order if it finds there is new information that was not

7  available at the time of the detention hearing and the new information has a material bearing on

8  whether there are conditions of release that will reasonably assure the appearance of the

9  defendant and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f)(2).

10 "New and material information consists of something other than a defendant's own evaluation of

11 his character or the strength of the case against him: truly changed circumstances, something

12 unexpected, or a significant event. *See United States v. Rodriquez-Adorno*, 606 F.Supp.2d 232,

13 239 (D.P.R. 2009)." *United States v. McPherson*, 2020 WL 1812239 at * 2 (W.D. Wash., April

14 9, 2020)

15       The Court has considered the record, and the parties' pleadings, and Court declines to

16 reopen the April 30, 2020 detention order. Defendant argues the July 2, 2020, test result is

17 material because "this court decided to detain Raoul Normandia as a danger after the

18 Government argued that possession of 'any amount of fentanyl' made him as danger. The new

19 revelation undermines that argument since he never possessed any suspected fentanyl much less

20 fentanyl pills." Dkt. 33 at 4.

21       The Court rejects this argument. It is correct the government argued, among other things,

22 that powder suspected to contain fentanyl was found at defendant's home and that after hearing

23 argument from the parties the Court detained defendant. But it is incorrect to imply this sequence

of events establishes the Court detained defendant based upon the government's suspicion the powder found at his home contained fentanyl, and that the Court would have released him had this suspicion not been raised. The argument turns a blind eye to how this court ordered defendant detained based upon numerous factors that established the seriousness of the case and defendant's risk to the community. These factors include the death of a Navy sailor from a suspected fentanyl overdose from pills that defendant originally supplied; Defendant's association with armed felons; and his possession of various drugs, indicia of drug distribution, money, body armor, and firearms. That fentanyl was not found at defendant's residence does not ameliorate the overall severity of the defendant's alleged conduct and the danger he presents, and the absence of fentanyl at defendant's house is not grounds for release. Parenthetically, the Honorable James L. Robart reviewed this Court's detention order *de novo* and rejected defendant's motion to vacate the detention order, finding the charges were very serious and defendant posed a risk, without citing to the suspected powder found at defendant's residence, in his written order.

The Court also rejects defendant's claim the July 2, 2020 test report is material because the government "lied," to "vilify" him. Dkt. 33 at 3. Defendant's claim implies the government argued the powdery substance found at defendant's home might contain fentanyl when it knew the powder did not contain fentanyl. But the government never claimed it knew the powder contained fentanyl. Instead the government admitted the powder had not been tested and thus argued it only suspected the powder contained fentanyl. Defendant's claim the government lied is unfounded.

Defendant's claim the government was trying to vilify him might make sense if there was no reason to suspect he was involved in the distribution of fentanyl, and thus no reason to suspect

the powder contained fentanyl. But this is not such a case. Rather the complaint alleged, and the government argued, defendant was the source of pills containing fentanyl that led to the death of a Navy sailor. Additionally, the arrest of defendant and search of his home yielded controlled substances, indicia of drug trafficking, firearms, 20 cellphones and body armor. These circumstances establish there was a basis for the government to believe defendant was engaged in drug distribution and thus a basis to suspect the powder at defendant's residence contained fentanyl.

For the foregoing reasons, the Court **DENIES** defendant's motion to reopen the detention order. Dkt. 33.

DATED this 6th day of August, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION TO REOPEN
DETENTION HEARING - 5